JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James E. McNeil, Individually and as Next Friend to Elizabeth Ann McNeil and Jean McNeil, Individually

## DEFENDANTS
Please see attached Supplemental Cover Sheet

(b) County of Residence of First Listed Plaintiff: **Santa Barbara**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Dallas**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**3 04 - CV0625 - L**

(c) Attorney's (Firm Name, Address, and Telephone Number)
Please see attached Supplemental Cover Sheet

Attorneys (If Known)
Please see attached Supplemental Cover Sheet

*[Stamp: RECEIVED MAR 24 2004 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS]*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | ☐ 870 Taxes (U.S Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This case is being removed on the ground that Plaintiffs' claims, which constitute "denial of benefits" claims, are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001-1461.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: March 24, 2004
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

 

United States District Court
Northern District of Texas

**Supplemental Civil Cover Sheet For Cases Removed
From State Court**

RECEIVED
MAR 2 4 2004
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

This form must be attached to the Civil Cover Sheet at the time the case is filed in the U. S. District Clerk's Office. Additional sheets may be used as necessary.

1. **State Court Information:**  3 04 - CV0625 - L

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | 191st District Court Dallas County, Texas | 03-08179-J |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |---|---|
   | James E. McNeil, Individually and as Next Friend to Elizabeth Ann McNeil, and Jean McNeil, Individually<br><br>Plaintiffs | J. Don Gordon<br>SBN 08200200<br>Hynds & Gordon, P.C.<br>500 N. Sam Rayburn Freeway<br>Suite 200<br>P.O. Box 1257<br>Sherman, TX 75091-1257<br>(903) 892-1807<br>(903) 893-2015 (fax)<br><br>George Parker Young<br>SBN 22184750<br>Tylene Di Sciullo<br>SBN 24009992<br>Law Offices of George Parker Young, P.C.<br>1320 South University, Ste. 405<br>Fort Worth, TX 76107<br>(817) 334-0443<br>(817) 335-3675 (fax) |
   | CIGNA HealthCare of Texas, Inc.<br>CIGNA Health Corporation,<br><br>Defendants | R. Brent Cooper<br>SBN 04783250<br>Diana L. Faust<br>SBN 00793717<br>Cooper & Scully, P.C.<br>900 Jackson, Ste. 100<br>Dallas, TX 75202<br>(214) 712-9500<br>(214) 712-9540 (fax) |

D/544592.1

| | |
|---|---|
| CIGNA Corporation<br><br>　　　　Defendant | Larry F. York<br>SNB 22164000<br>Scott K. Field<br>SBN 00793725<br>York, Keller & Field<br>816 Congress Avenue, Ste. 1670<br>Austin, TX 78701<br>(512) 867-1616<br>(512) 867-1617 (fax) |
| Integrated Health Services, Inc.<br>and Cambridge Group of Texas, Inc.<br>d/b/a IHS of Dallas at Treemont<br><br>　　　　Defendants | Stuart B. O'Neill<br>SBN 15285800<br>Cowles & Thompson<br>901 Main Street, Suite 4000<br>Dallas, TX 75202-3793<br>(214) 672-2000<br>(214) 672-2020 |
| Senior Management Services of<br>Treemont, Inc. d/b/a Integrated<br>Health Services of Treemont<br><br>　　　　Defendant | M. Leigh Bartlett<br>SBN 01844000<br>Vial, Hamilton, Koch<br>& Knox, L.L.P.<br>2800 First City Center<br>1700 Pacific Avenue<br>Dallas, TX 75201-4400<br>(214) 712-4400<br>(214) 712-4402 |

3. **Jury Demand:**

Was a Jury Demand made in State Court?　　☒ Yes　☐ No

If "*Yes*," "by which party and on what date?

| Plaintiffs | October 6, 2003 |
|---|---|
| Party | Date |
| CIGNA HealthCare of Texas, Inc. | October 8, 2003 |
| Party | Date |

4. **Answer:**

Was Answer made in State Court?　　　　　　　☒ Yes　☐ No

If "*Yes*," by which party and on what date?

| Senior Management Services of<br>Treemont, Inc. d/b/a Integrated<br>Health Services of Treemont | September 9, 2003 |
|---|---|
| Party | Date |
| CIGNA HealthCare of Texas, Inc. | September 15, 2003 |
| Party | Date |

|  |  |
|---|---|
| Integrated Health Services, Inc., and Cambridge Group of Texas, Inc. d/b/a IHS of Dallas at Treemont<br>Party | September 19, 2003<br>Date |
| CIGNA Health Corporation (Special Appearance and, Subject to Special Appearance Original Answer)<br>Party | December 19, 2003<br>Date |
| CIGNA Corporation (Special Appearance and Original Answer)<br>Party | December 19, 2003<br>Date |

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   | **Party** | **Reason(s) for No Service** |
   |---|---|
   |  | Defendants are aware of no unserved parties at this time. |

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   | **Party** | **Reason** |
   |---|---|

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | **Party** | **Claim(s)** |
   |---|---|
   | Plaintiffs James E. McNeil, Individually and as Next Friend to Elizabeth Ann McNeil, and Jean Ann McNeil, Individually | Suit for damages resulting from negligence in the provision of health care, pursuant to Texas Civil Practice & Remedies Code Annotated article 4590i, section 4.01, and resulting negligence in making medical/ insurance benefits determination. |

| | |
|---|---|
| Defendants CIGNA HealthCare of Texas, Inc. and CIGNA Health Corporation | CIGNA HealthCare denies Plaintiffs' allegations and claims.<br><br>CIGNA Health Corporation denies personal jurisdiction exists in Texas and subject to that, denies Plaintiffs' allegations and claims. |
| Defendant CIGNA Corporation | Denies personal jurisdiction exists in Texas, and subject to that, denies Plaintiffs' allegations and claims. |
| Defendants Integrated Health Services, Inc., Cambridge Group of Texas, Inc. d/b/a IHS of Dallas at Treemont | Denies Plaintiffs' allegations and claims. |
| Defendant Senior Management Services of Treemont, Inc. d/b/a Integrated Health Services of Treemont | Denies Plaintiffs' allegations and claims. |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES E. MCNEIL, Individually and as Next Friend to Elizabeth Ann McNeil, and JEAN MCNEIL, Individually, | § § § § | |
| Plaintiffs, | § § | 304-CV0625-L |
| v. | § § | Civil Action No. _____ |
| CIGNA HealthCare of Texas, Inc., CIGNA Corporation, CIGNA Health Corporation, Integrated Health Services, Inc., Cambridge Group of Texas, Inc. d/b/a IHS of Dallas at Treemont, and Senior Management Services of Treemont, Inc. d/b/a Integrated Health Services of Treemont, | § § § § § § § § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

**PLEASE TAKE NOTICE** that CIGNA HealthCare of Texas, Inc. ("CHC of Texas" or "Defendant"), Defendant in the above entitled and numbered cause, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes to this Court the state court action described below.

1. Plaintiffs are James E. McNeil, an Individual who resides in Santa Barbara, California, and is the father and permanent guardian of Elizabeth McNeil, and Jean McNeil, an Individual who resides in Santa Barbara, California, and is the mother of Elizabeth McNeil (collectively, "Plaintiffs"). Defendants are Integrated Health Services, Inc., a corporation organized and existing under the laws of the State of Delaware; Cambridge Group of Texas, Inc., d/b/a IHS of

Dallas at Treemont ("IHS Treemont"), a Texas corporation licensed to do business in Texas; Senior Management Services of Treemont, Inc., d/b/a Integrated Health Services of Treemont, a Texas corporation licensed to do business in Texas; CIGNA HealthCare of Texas, Inc., a Texas corporation licensed to do business in Texas; CIGNA Corporation, a corporation organized and existing under the laws of the State of Delaware; and CIGNA Health Corporation, a corporation organized and existing under the laws of the State of Delaware.

2. Plaintiffs filed their Original Petition against the Defendants on August 13, 2003, in the 192nd District Court of Dallas County, Texas. The action was entitled *James E. McNeil, Individually and as Next Friend to Elizabeth Ann McNeil, and Jean McNeil, Individually, Plaintiffs, v. CIGNA HealthCare of Texas, Inc., CIGNA Corporation, CIGNA Health Corporation, Integrated Health Services, Inc., Cambridge Group of Texas, Inc., d/b/a IHS of Dallas at Treemont, and Senior Management Services of Treemont, Inc., d/b/a Integrated Health Services of Treemont, Defendants*, Cause No.03-08179-K. The case was transferred to the 191st District Court of Dallas County, Texas, on December 1, 2003. The transferred case bears the same name as the original, but now bears Cause No. 03-08179-J.

3. On February 23, 2004, Plaintiffs filed their Second Amended Petition in the above-referenced case. This case became removable on that date because the Second Amended Petition is the first pleading that raises a federal question. 28 U.S.C. §§ 1331, 1446(b). This Notice of Removal is filed within thirty (30) days of receipt of service of said amended petition. Accordingly, this removal is timely filed under 28 U.S.C. § 1446(b). Moreover, removal is permitted of entire cases where this Court has original jurisdiction as to any claim against any defendant. 28 U.S.C. § 1441(c). Accordingly, so long as one of Plaintiffs' claims against this Defendant is subject to federal jurisdiction, this Court can take jurisdiction over the entire case.

4. Removal of this case is proper because Plaintiffs' state law claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").[1] *See* 29 U.S.C. §§ 1001-1461. Regardless of Plaintiffs' attempt to artfully plead otherwise, this is nothing more than a "denial of benefits" case arising under ERISA. As shown below, Plaintiffs' Second Amended Original Petition, the first pleading to assert direct liability claims against CHC of Texas, focuses on CHC of Texas' alleged failure to authorize extended benefits at Baylor Specialty Hospital for rehabilitation for Elizabeth Ann McNeil, instead of her transfer to a skilled nursing facility, IHS Dallas at Treemont, where Plaintiffs allege Elizabeth suffered consequential damages. Thus, the claim asserts that CHC of Texas failed to provide appropriate benefits for her medical condition under McNeil's ERISA-governed health benefit plan based, in part, on the exercise of medical judgment:

---

[1]Defendant does not seek removal here in bad faith nor for the purpose of delay. Rather, Defendant acknowledges the Fifth Circuit's opinion in *Roark v. Humana, Inc.*, 307 F.3d 298 (5th Cir. 2002), *cert. granted sub nom.*, *CIGNA HealthCare of Texas, Inc. v. Calad*, 124 S. Ct. 463, 157 L. Ed. 2d 370 (2003). Although the Fifth Circuit held there that a similarly pleaded claim was not completely preempted by ERISA, the United States Supreme Court granted certiorari to review that holding, and the question presented as:

> Whether § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), completely preempts a state-law tort claim seeking damages for an allegedly erroneous determination of entitlement to a benefit under an ERISA-governed health benefit plan when the determination is based in part on the exercise of medical judgment.

Brief for Petitioner CIGNA HealthCare of Texas, Inc. at i, *CIGNA HealthCare of Texas, Inc. v. Calad*, 124 S. Ct. 463, 157 L. Ed. 2d 370 (2003) (No. 03-83). Oral argument is set for March 23, 2004.

Like *Calad*, this case involves the claims of the representative of a participant in an ERISA-governed health benefit plan seeking tort damages under the Texas Health Care Liability Act, codified within Chapter 88 of the Texas Civil Practice and Remedies Code. Specifically, consequential and exemplary damages are sought based on a plan determination of coverage for benefits based in part on the exercise of medical judgment through CHC of Texas' utilization review process.

Plaintiffs filed no direct liability claims against CHC of Texas within their Original and First Amended Petitions, and expressly stated therein that they asserted no claim for denial of benefits. (Original Petition at 11; First Amended Petition at 11). Accordingly, having received an initial pleading asserting such claim through the Second Amended Petition, CHC removes this claim, out of an abundance of caution, in the event the United States Court reverses *Calad*, and provides for complete preemption of Chapter 88 [of the Texas Civil Practice and Remedies Code] claims through ERISA section 502(a).

---

a. Elizabeth McNeil . . . seriously injured in an automobile accident . . . had significant brain damage [and] was treated at Baylor University Medical Center, and subsequently at Baylor Specialty Hospital, where [her] condition was steadily improving . . . [w]hile [undergoing] rehabilitati[on]. . . . Her HMO, CIGNA Texas, however, insisted she be transferred to IHS of Dallas at Treemont ("IHS Treemont"), a skilled nursing facility in Dallas, Texas. (Plaintiffs' Second Amended Petition at ¶¶ 2-4).

b. IHS [Treemont] was not the appropriate place to care for and treat Elizabeth McNeil considering her medical condition. (Plaintiffs' Second Amended Petition at ¶ 5).

c. Cigna Texas became aware, or with the exercise of ordinary care, should have been aware, that IHS Treemont was not equipped to handle Elizabeth, and was not a safe place for someone in Elizabeth McNeil's condition. (Plaintiffs' Second Amended Petition at ¶ 8).

5. Defendants CIGNA Corporation and CIGNA Health Corporation, subject to their special appearances contesting personal jurisdiction in the state court, and Defendant Senior Management Services of Treemont, Inc. d/b/a Integrated Health Services of Treemont, consent to the removal. The above-named Defendants' respective Notices of Consent to Removal are attached hereto as **Exhibit A**.

6. Defendants Integrated Health Services, Inc. and Cambridge Group of Texas, Inc. d/b/a IHS of Dallas at Treemont (collectively the "IHS/Cambridge Defendants"), have not consented to this removal. However, because the direct liability claim asserted against CIGNA HealthCare of Texas, Inc. (the ERISA claim) is separate and independent from the state law claims asserted against the IHS Defendants, no consent is required.[2] Specifically, the ERISA claim asserted against CHC of Texas, although pleaded as a tort claim under state law, is separate and independent because it

---

[2] 28 U.S.C. § 1441(c); *see Benoit v. W.W.Grainger, Inc.*, 1998 WL 749444, *5 (E.D. La. 1998) (not designated for publication) (copy attached at **Exhibit D**).

would be removable if sued upon alone[3] and is a claim for which only CHC of Texas itself may be held liable.[4]

7. Further pleading, CHC of Texas asserts that Plaintiffs and the IHS/Cambridge Defendants have either entered into an outright settlement of Plaintiffs' case against the IHS/Cambridge Defendants or have entered into an agreement that Plaintiffs will not seek judgment against the IHS/Cambridge Defendants. When asked, counsel for the IHS/Cambridge Defendants will neither confirm nor deny whether Plaintiffs' claims against the IHS/Cambridge Defendants have been settled, but will only say that he "does not believe" there is any agreement between Plaintiffs and the IHS/Cambridge Defendants whereby the IHS/Cambridge Defendants will not consent to removal "either as part of any existing settlement agreement or not." [*See* letter dated March 22, 2004, from Larry F. York to Stuart B. O'Neill; *See* reply letter dated March 22, 2004, from Stuart B. O'Neill to Larry F. York (attached hereto as **Exhibits B-1** and **B-2**)]. Plaintiffs have not replied to a similar letter. [*See* attached letter dated March 22, 2004, from Larry F. York to George Parker Young (attached hereto as **Exhibit B-3**)]. Moreover, the IHS/Cambridge Defendants' insurance carrier has advised that a settlement is being "wrapped up." This situation is similar to that in *Bumgardner v. Combustion Engineering, Inc.*, 432 F.Supp. 1289 (D. S.C. 1977). There, it became apparent during questioning of Defendant A's expert witness by counsel for Defendant B that the questions posed by Defendant B were most helpful to the plaintiff. *Id.* at 1291. Further investigation showed plaintiff had agreed not to execute on any judgment against Defendant B. *Id.* After discovering this agreement, Defendant A removed the case to federal court. *Id.* Although plaintiff

---

[3] *See Carl Heck Engineers, Inc. v. Lafourche Parish Policy Jury*, 622 F.2d 133, 136 (5th Cir. 1980) (analyzing separate and independent nature of claims for federal question jurisdiction).

[4] *See Henry v. Independent American Savings Ass'n*, 857 F.2d 995, 999 (5th Cir. 1998).

sought to disavow the agreement, the federal court refused to remand, saying that keeping the non-diverse defendant in the case under those circumstances constituted an attempted fraudulent joinder. *Id.* at 1292. Thus, retaining a non-diverse defendant against whom Plaintiffs have voluntarily discontinued their action for the purpose of destroying diversity jurisdiction constitutes an attempted fraudulent joinder. *Id.*

8. Copies of each document filed in the state court action, except discovery material, are being filed concurrently with the Notice of Removal, as well as the reporter's records of two hearings conducted in the case, as required by Local Rule 81.1. An Index of Documents is attached hereto as **Exhibit C**. Because the documents are too voluminous to be attached, the Index and the documents referenced therein are filed separately and contemporaneously with this Notice of Removal as a single unit. *See* L.R. 81.1(b).

9. Venue is proper in this division and district because Plaintiffs' Second Amended Petition was filed in Dallas County, Texas, which is within the Dallas Division of the United States District Court for the Northern District of Texas. 28 U.S.C. §§ 1441(a), 124(a)(1).

10. No previous application has been made for the relief prayed for in this Notice.

11. In filing this Notice of Removal, CHC of Texas does not waive and expressly reserves all objections and defenses which it may have under Rule 12(b) of the Federal Rules of Civil Procedure and any other rules applicable to this action.

12. CHC of Texas reserves the right to supplement this Notice of Removal with information which may come to light upon further investigation and by adding any jurisdictional bases that may independently support removal.

13. Written notice of the filing of this Notice of Removal will be given to Plaintiff and a copy of this Notice will be forthwith filed with the clerk of the 191st District Court of Dallas County, Texas.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: _____
R. BRENT COOPER
Texas Bar No. 04783250
DIANA L. FAUST
Texas Bar No. 00793717

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopier: (214) 712-9540

**ATTORNEYS FOR DEFENDANT
CIGNA HEALTHCARE OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the ___24___ day of March, 2004, a true and correct copy of the foregoing Notice of Removal, was served on all known counsel of record as indicated below:

| | |
|---|---|
| Mr. George Parker Young<br>Ms. Tylene Di Sciullo<br>The Law Offices of George Parker Young, P.C.<br>1320 South University Drive, Suite 405<br>Fort Worth, Texas 76107 | **VIA CMRRR** |
| Mr. J. Don Gordon<br>Hynds & Gordon, P.C.<br>500 N. Sam Rayburn Freeway<br>Suite 200<br>P.O. Box 1257<br>Sherman, Texas 75091-1257 | **VIA CMRRR** |
| Mr. Stuart B. O'Neil<br>Cowles & Thompson<br>901 Main Street, Suite 4000<br>Dallas, Texas 75202 | **VIA CMRRR** |
| Ms. M. Leigh Bartlett<br>Vial, Hamilton, Koch, & Knox, L.L.P.<br>1700 Pacific Avenue, Suite 2800<br>Dallas, Texas 75201 | **VIA CMRRR** |
| Mr. Larry F. York<br>Mr. Scott K. Field<br>York, Keller & Field<br>816 Congress Avenue, Suite 1670<br>Austin, Texas 78701 | **VIA CMRRR** |

_____
**DIANA L. FAUST**